**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 21-cv-02155-NYW

C.K.D.,[1]

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (the "Motion" or "Motion for Attorney's Fees") [Doc. 24]. Upon review of the Motion and the related briefing, the Administrative Record, and the applicable case law, the Motion for Attorney's Fees is respectfully **DENIED**.

### BACKGROUND

Plaintiff C.K.D. ("Plaintiff" or "C.K.D.") appealed to this Court for review of the Commissioner of Social Security's final decision denying her application for Disability Insurance Benefits ("DIB"). *See generally* [Doc. 1]. Plaintiff filed an application for DIB on January 30, 2018, [Doc. 11-3 at 73],[2] and her application was denied on December 26, 2018. [Doc. 11-4 at

---

[1] The Local Rules of Practice for this District state that "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only." D.C.COLO.LAPR 5.2(b). Although the Court has already resolved C.K.D.'s appeal on the merits, the Court continues to use only Plaintiff's initials to identify her.

[2] When citing to the Administrative Record, the Court utilizes the docket number assigned by the District of Colorado's CM/ECF system and the page number associated with the Administrative

104]. C.K.D. requested a hearing before an administrative law judge ("ALJ"), which was held on September 21, 2020. [*Id.* at 107; Doc. 11-2 at 43, 45]. After a hearing, the ALJ issued a decision on October 30, 2020 finding that Plaintiff met the insured-status requirements of the Social Security Act through December 31, 2022 and had not engaged in substantial gainful activity as of her alleged disability onset date of February 7, 2017. [Doc. 11-2 at 26–27, 36]. The ALJ also concluded that Plaintiff has the following severe impairments:

> Ehlers-Danlos syndrome with hypermobility of joints, chronic pain syndrome, fibromyalgia, obesity, lumbar spondylolisthesis/low back pain, cervical compression deformities, thoracic kyphosis, right hip trochanteric bursitis, status post right hip arthroplasty, right hip pain secondary to degenerative arthritis, left knee replacement, right anterior cruciate ligament (ACL) arthritis, right shoulder impingement and mild subchondral sclerosis, tremor of both hands, history of gastric bypass, migraines, depression, anxiety, and panic attacks.

[*Id.* at 27]. However, the ALJ determined that C.K.D. nevertheless had the residual functional capacity ("RFC") to perform light work, with the following limitations:

> [Plaintiff] can stand and walk four hours per eight-hour workday. She can never climb ladders, ropes and scaffolds. She can occasionally climb stairs and ramps. She can frequently stoop and crouch. She can occasionally crawl. She can frequently handle and finger bilaterally. She is limited to simple, routine tasks with occasional work interactions with the public.

[*Id.* at 29–30]. Based on this determination, the ALJ concluded that C.K.D. is not disabled. [*Id.* at 36].

Plaintiff requested that the Appeals Council review the ALJ decision; this request was denied, rendering the ALJ's decision the final decision of the Commissioner. [*Id.* at 1]. She then sought judicial review of the Commissioner's final decision in this District. *See* [Doc. 1]. She argued, among other things, that the ALJ erred in failing to address material conflicts between the

---

Record, found at the bottom right-hand corner of the page. For all other documents, the Court cites to the document and page number generated by the CM/ECF system.

testimony of the vocational expert ("VE"), upon which the ALJ relied in determining that Plaintiff is not disabled, and the Dictionary of Occupational Titles ("DOT"). [Doc. 13 at 19–21].

On September 16, 2022, this Court entered a Memorandum Opinion and Order reversing and remanding the Commissioner's decision. *See* [Doc. 22]. The Court agreed with C.K.D. that the ALJ's failure to resolve the conflicting record evidence was reversible error, [*id.* at 7–12], and reversed and remanded the ALJ's decision for further proceedings. [*Id.* at 13].

On December 6, 2022, C.K.D. filed the instant Motion, seeking an award of $5,603.03 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). [Doc. 24 at 3]. The Commissioner opposes the requested award, arguing that the government's position in this case was substantially justified. [Doc. 25 at 2]. C.K.D. filed a Reply on January 8, 2023. [Doc. 26]. The matter is fully briefed, and I consider the Parties' arguments below.

## LEGAL STANDARD

The EAJA authorizes the Court to award attorney's fees and expenses to a prevailing party, other than the United States, unless the Court "finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Defendant does not contest that Plaintiff is the prevailing party or argue that special circumstances render an award unjust, but instead argues that the United States's position in these proceedings was substantially justified. [Doc. 25 at 2]. Under the EAJA, the "position of the United States" encompasses both the stance the government took in the underlying administrative proceeding and the position it took in the subsequent litigation. *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) ("*Hackett II*"); *see also Commissioner v. Jean*, 496 U.S. 154, 159 (1990) (The term "position" "may encompass both the agency's prelitigation conduct and the [government's] subsequent litigation positions.").

3

The Commissioner carries the burden of proving her position was substantially justified. *Hackett II*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "[T]he government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Hackett II*, 475 F.3d at 1172 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Stated differently, the government's position need not be correct to be substantially justified. *Id.* "The mere fact that there was error in the ALJ's decision does not make the agency's position unreasonable." *Veltman v. Astrue*, 261 F. App'x 83, 86 (10th Cir. 2008).

The government is more likely to meet the substantial justification standard "when the legal principle on which it relied is 'unclear or in flux.'" *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (quoting *Martinez v. Sec'y of Health & Hum. Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)). However, "[a] position taken by the ALJ or government that 'contravene[s] longstanding agency regulations, as well as judicial precedent,' is not substantially justified." *Quintero v. Colvin*, 642 F. App'x 793, 796 (10th Cir. 2016) (quoting *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009)). Whether the government's position was substantially justified is a determination within the trial court's discretion. *Hackett II*, 475 F.3d at 1172.

## ANALYSIS

### I. The Court's Memorandum Opinion and Order

To fully address the Parties' arguments in support of and in opposition to the instant Motion, a brief review of the Court's Memorandum Opinion and Order reversing and remanding the ALJ's decision is helpful. At the administrative level, the ALJ determined—based on the testimony of the VE—that C.K.D. was capable of performing work that exists in significant numbers in the national economy, including the positions of semiconductor bonder and electronics

4

worker. [Doc. 11-2 at 35–36]. Each of these positions require level-two reasoning, as set forth in the DOT's Scale of General Educational Development ("GED"). *See DOT* § 726.687-010 (electronics worker); *DOT* § 726.685-066 (semiconductor bonder). Relevant here, the GED defines level-two and level-one reasoning as follows:

> LEVEL 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.
>
> LEVEL 1: Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

*DOT* App'x C, § III.

On appeal, Plaintiff argued that the ALJ's conclusion that she could work as a semiconductor bonder or electronics worker was inconsistent with the ALJ's finding that Plaintiff should be limited to performing "simple, routine tasks." [Doc. 13 at 19; Doc. 11-2 at 29–30]. This Court agreed, concluding that under Tenth Circuit precedent, "[t]he failure to address an apparent conflict between the claimant's RFC and the requirements of the jobs identified as appropriate by the VE is reversible error." [Doc. 22 at 7 (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) ("*Hackett*"))].

In so holding, the Court first addressed the Commissioner's argument that the GED scale measures "educational attainment," rather than job complexity, such that there was no conflict between the VE testimony and Plaintiff's RFC that the ALJ was required to address. [*Id.*]; *see also* [Doc. 17 at 13]. In support of her argument, the Commissioner relied on *Anderson v. Colvin*, 514 F. App'x 756 (10th Cir. 2013), and *Mounts v. Astrue*, 479 F. App'x 860 (10th Cir. 2012), two unpublished cases issued by the Tenth Circuit. [Doc. 17 at 13]. In *Anderson*, the Tenth Circuit stated that the GED "does not describe specific mental or skill requirements of a particular job, but

5

rather describes the general educational background that makes an individual suitable for the job, broken into the divisions of Reasoning Development, Mathematical Development and Language Development." *Anderson*, 514 F. App'x at 764.  Similarly, in *Mounts*, the Tenth Circuit stated that that "a claimant's GED . . . is the level of formal and informal education required to perform a specific job." *Mounts*, 479 F. App'x at 868.  The Commissioner relied on these two cases to contend that the ALJ did not err in her decision because there was "no evidence that Plaintiff . . . lacked the educational background required to do the work identified by the vocational expert." [Doc. 17 at 13].

The Court was unpersuaded by the Commissioner's reliance on *Mounts* and *Anderson*, finding that it was bound to follow the Tenth Circuit's published decision in *Hackett*, which could be read as inconsistent with *Mounts* and *Anderson*.  *See* [Doc. 22 at 8–9].  As explained by the Court in its Order, in *Hackett*, the claimant argued on appeal that her RFC—which provided that she "retain[ed] the attention, concentration, persistence and pace levels required for simple and routine work tasks"—was incompatible with the level-three reasoning jobs identified by the ALJ as possible employment positions for the claimant.  *Hackett*, 395 F.3d at 1175–76.  The Tenth Circuit agreed with the claimant that her functional limitations "seem[ed] inconsistent with the demands of level-three reasoning."  *Id.* at 1176.  Furthermore, the Tenth Circuit noted that level-two reasoning requires applying commonsense reasoning to detailed but uninvolved instructions and opined that "[t]his level-two reasoning appears more consistent with [the claimant's] RFC." *Id.*  Accordingly, the Tenth Circuit reversed and remanded this portion of the ALJ's decision with instructions for the ALJ to address the conflict between the claimant's "inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE." *Id.*

In its Order, this Court explained that it construes *Hackett* to stand for the proposition that GED reasoning levels are relevant to the claimant's RFC determination, and if there is any conflict between the VE testimony and the DOT, an ALJ must address that conflict before relying on the VE's testimony. [Doc. 22 at 8]. Accordingly, the Court was unpersuaded by the Commissioner's argument. [*Id.* at 8–9].

In the alternative, the Commissioner argued before this Court that the RFC limitations assigned to C.K.D. were consistent with level-two reasoning, noting that there are a number of cases concluding that level-two reasoning is consistent with RFC limitations similar to those assigned to Plaintiff. [Doc. 17 at 14]. The Court "acknowledge[d] the significant district-court split of authority on this issue," but nevertheless disagreed with the Commissioner's argument, again relying on *Hackett* and explaining that it did not read *Hackett* to hold that a limitation to simple, routine tasks was consistent with jobs requiring level-two reasoning. [Doc. 22 at 9–10]. Rather, in the Court's view, *Hackett* did not reach this specific issue. [*Id.* at 10 (citing *Hackett*, 395 F.3d at 1176)]. The Court agreed with an alternative line of cases finding an inconsistency between level-two reasoning and a limitation to simple, routine tasks, such that the ALJ was required to address this conflict before relying on the VE's testimony. [*Id.* at 11–12]. And because the ALJ did not do so, the Court remanded the case for further proceedings. [*Id.* at 12–13]. Notably, the Court "decline[d] to pass on the remaining arguments raised in Plaintiff's briefing, as they may be affected by the ALJ's treatment of this case on remand." [*Id.* at 12 (quotation omitted)].

II. **Whether the Government's Position Was Substantially Justified**

The Commissioner argues that her position in this matter was substantially justified because this case "turned on an uncertain and unsettled question of law." [Doc. 25 at 2]. The

7

Commissioner's argument highlights two specific passages in this Court's Order remanding the case: first, that the Court stated that "while *Mounts* and *Anderson* could be read to support the Commissioner's argument, it [was] bound to follow the Tenth Circuit's published decision in *Hackett*," [Doc. 22 at 9]; and second, that the Court "acknowledge[d] the significant district-court split of authority" on the issue of whether jobs requiring level-two reasoning are consistent with an RFC limitation to simple, routine tasks. [*Id.*]. The Commissioner contends that "although her position was not ultimately successful, she had a reasonable basis for believing there was no error and thinking it her duty to defend this action." [Doc. 25 at 5]. The Commissioner goes on to explain the legal authority supporting her position, which she relied on in defending against Plaintiff's appeal. *See* [*id.* at 5–7].

In her Reply, C.K.D. contends that the Commissioner has not met her burden of demonstrating that the government's position was substantially justified. *See generally* [Doc. 26]. First, she asserts that the Commissioner's argument fails to address "any reasons why the Commissioner's administrative or litigation position would be substantially justified on those issues that the [C]ourt did not reach." [*Id.* at 6]. She suggests that this Court, in making the EAJA fees determination, may address issues raised by Plaintiff in her briefing but not addressed by the Court in its Order. [*Id.* at 4]. She goes on to re-raise arguments made in her Opening Brief. *See* [*id.* at 6–8].

In determining whether the Commissioner's position was substantially justified, the Court declines to consider any arguments raised in the Parties' briefing but which were not addressed by the Court in its Order. *See Evans*, 640 F. App'x at 734 (focusing on "the two issues that led to the . . . remand" in assessing whether EAJA fees should be awarded); *Penichter v. Barnhart*, No. 1:06-CV-156 TS, 2008 WL 2906928, at *1 (D. Utah July 28, 2008) ("[T]he Court focuses exclusively

8

on the issue upon which remand was granted, rather than any issues raised upon which the Plaintiff did not prevail."). There has been no judicial determination that the ALJ erred with respect to any of Plaintiff's alternative arguments, and the Court cannot address whether Defendant's position on those arguments was substantially justified without rendering an improper advisory opinion. *See San Luis Valley Ecosystem Couns. v. U.S. Forest Serv.*, No. 04-cv-01071-MSK, 2009 WL 792257, at *6 (D. Colo. Mar. 23, 2009) (concluding that the court could not assess whether the government's arguments on claims that were not addressed by the court were substantially justified "without rendering an advisory opinion with regard to those claims"). Furthermore, Plaintiff's status as the prevailing party, which is required to obtain EAJA fees, *see* 28 U.S.C. § 2412(a)(1), arises solely because of the single issue that the Court determined warranted remand; thus, other arguments raised by Plaintiff but not addressed by the Court are not an appropriate basis to award EAJA fees. *Cf. Jackson v. Chater*, 94 F.3d 274, 279–80 (7th Cir. 1996) ("[B]eing incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action."). Accordingly, the Commissioner was not required to explain the substantial justification behind each of her arguments made in response to Plaintiff's appeal.

Next, C.K.D. asserts that "Defendant's EAJA response advanced no substantial justification argument regarding the ALJ's error of failing to follow SSR 00-4p."[3] [Doc. 26 at 8]. This statement is not accompanied by any substantive argument; however, the Court interprets C.K.D.'s argument as an assertion that the Commissioner's Response fails to adequately address whether the *ALJ's actions* at the administrative level were substantially justified. *See* [*id.* at 5 ("Defendant has failed to meet the Commissioner's burden of proving that her position was

---

[3] SSR 00-4p states that "[w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2 (SSA Dec. 4, 2000).

9

substantially justified in both the underlying administrative proceedings and in the district court litigation.")].

To meet its burden under the EAJA, the government must "justify both its position in any underlying administrative proceedings and its position in any subsequent district court litigation." *Hackett II*, 475 F.3d at 1170.  While the Commissioner does not expressly reference the ALJ's decision in her Response, *see generally* [Doc. 25], the Court notes that its remand Order turned on the resolution of uncertain and/or conflicting legal authority, and finds the Commissioner's legal arguments in her Response equally applicable to the government's position at all stages of this matter.  Thus, treating this case "as an inclusive whole, rather than as atomized line-items," *Hackett II*, 475 F.3d at 1174 n.1 (quoting *Jean*, 496 U.S. at 162), the Court construes the Commissioner's arguments as applying to the government's position in these proceedings as a whole.

The Court addresses the ALJ's actions at the administrative level first.  Looking back at the Administrative Record, at the hearing, the VE testified that an individual limited to simple, routine tasks could perform work as an electronics worker or semiconductor bonder.  [Doc. 11-2 at 70–71].  The ALJ relied upon this testimony in concluding that jobs exist in sufficient numbers in the national economy to permit Plaintiff to engage in substantial, gainful work.  [*Id.* at 36]. Notably, in reaching that decision, the ALJ "determined that the vocational expert's testimony [was] consistent with the information contained in the [DOT]."  [*Id.*].  In other words, the ALJ found *no* inconsistency or conflict between the VE testimony and the DOT, and thus, presumably believed that there was no conflict that she needed to address or resolve in her decision. Accordingly, the Court's inquiry as to whether the ALJ's actions were substantially justified does not turn, as Plaintiff suggests, on the ALJ's "fail[ure] to follow SSR 00-4p," [Doc. 26 at 8], but is

10

instead more appropriately focused on the ALJ's determination that there was no conflict that she was required to address.

As explained in the Court's prior Order, there is a "significant district-court split of authority" as to whether jobs that require level-two reasoning are inconsistent with an RFC limitation to simple, routine tasks. [Doc. 22 at 9–10]. Indeed, a number of district courts have ruled that—consistent with the ALJ's position at the administrative level—there is no conflict between an RFC limitation to simple tasks and level-two reasoning skills. *See, e.g.*, *Lee v. Comm'r of Soc. Sec. Admin.*, No. CIV-17-362-KEW, 2019 WL 1258836, at *4 (E.D. Okla. Mar. 19, 2019); *Dickson v. Saul*, No. CIV-19-248-SM, 2019 WL 5684513, at *3 (W.D. Okla. Nov. 1, 2019); *Dean v. Saul*, No. CIV-18-368-SPS, 2020 WL 5235339, at *4 (E.D. Okla. Sept. 2, 2020). And while this Court ultimately concluded in this case that there *was* a conflict that the ALJ was required to address in her decision, [Doc. 22 at 5–12], "[t]he mere fact that there was error in the ALJ's decision does not make the agency's position unreasonable," *Veltman*, 261 F. App'x at 86, and the Court cannot fault the ALJ for failing to predict the Court's ruling. At the time that the ALJ issued her decision, the state of the law was sufficiently in flux such that it was unclear whether there was a conflict that the ALJ needed to address; for this reason, the Court finds that the ALJ's conclusion that there was no conflict to address was substantially justified. *See S.V.P. v. Kijakazi*, No. 21-cv-03483-NRN, 2023 WL 3032059, at *2 (D. Colo. Apr. 21, 2023) (finding the government's position substantially justified where the governing case law was uncertain); *see also* SSR 00-4p, 2000 WL 1898704, at *2 (requiring resolution of "an *apparent* unresolved conflict between VE . . . evidence and the DOT" (emphasis added)); *compare Roman v. Colvin*, No. 13-cv-03215-RBJ, 2016 WL 3078732, at *4 (D. Colo. May 23, 2016) (finding that the ALJ was not

11

substantially justified in relying on VE testimony where "[t]he ALJ *was aware* of the apparent conflict" but failed to resolve the conflict (emphasis added)).

The Court reaches the same conclusion, for the same reasons, with respect to the Commissioner's arguments before this Court. A number of courts have ruled in line with the Commissioner's argument that there was no inconsistency for the ALJ to resolve, *see, e.g.*, *Dean*, 2020 WL 5235339, at *4, and the Commissioner relied upon that line of case law in defending the ALJ's decision. [Doc. 17 at 13–15]. That this Court ultimately disagreed with the Commissioner and the authority upon which she relied does not automatically render her position unjustified. *See Underwood*, 487 U.S. at 569 ("Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified. . . . Nevertheless, a string of losses can be indicative; and *even more so a string of successes*." (emphasis added)). Moreover, the Commissioner's argument that, under *Mounts* and *Anderson*, the DOT's GED scale does not measure job complexity, *see* [Doc. 17 at 13], is a position that has been adopted by other courts. *See, e.g.*, *Karen Jean M. v. Saul*, No. CV 19-2455-JWL, 2020 WL 5057488, at *14 (D. Kan. Aug. 27, 2020) ("GED, and thus reasoning level, relates to the amount of education (formal or informal) an occupation requires."); *Calvert v. Berryhill*, No. 4:16-cv-00639-GBC, 2018 WL 1470580, at *4 (N.D. Okla. Mar. 26, 2018). Thus, while this Court disagreed with the Commissioner's argument, the Court finds that the argument was reasonable in law and fact. *Gilbert*, 45 F.3d at 1394; *S.V.P.*, 2023 WL 3032059, at *2.

For all of these reasons, the Court agrees with the Commissioner that the United States's position throughout the course of these proceedings was substantially justified in law and fact. As a result, the Motion for Attorney's Fees is respectfully **DENIED**.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1) The Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. 24] is **DENIED**.

DATED: June 15, 2023                                  BY THE COURT:

*[signature]*
Nina Y. Wang
United States District Judge